16-4086-cv
*Samuel Padilla, et al. v. Yeshiva University*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            DENNY CHIN,
                    *Circuit Judges.*

---

SAMUEL PADILLA AND DOMINIC AMATO,

        *Plaintiffs-Appellants,*                16-4086-cv

        v.

YESHIVA UNIVERSITY,

        *Defendant-Appellee,*

1199 SEIU UNITED HEALTHCARE WORKERS EAST,

        *Defendant.*

---

**FOR PLAINTIFFS-APPELLANTS:**      Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, NY.

**FOR DEFENDANT-APPELLEE:**      Dov Kesselman (Anne Dana, *on the brief*), Seyfarth Shaw LLP, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Valerie Caproni, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this order.

Plaintiffs-appellants Samuel Padilla and Dominic Amato ("Plaintiffs") appeal the November 9, 2016 judgment of the district court, dismissing their claims pursuant to Fed. R. Civ. P. 12(b)(6) and denying their motion for leave to amend their complaint a second time. On appeal, Plaintiffs argue, among other things, that the district court erred in concluding that the complaint failed to plausibly allege: (1) a retaliation claim under the Family Medical Leave Act ("FMLA") and (2) a disability discrimination claim under the New York City Human Rights Law ("NYCHRL"). They also assert that the district court erred in holding that a second opportunity to amend the complaint would be futile. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

\*\*\*

We review *de novo* a district court's dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In particular, a plaintiff alleging retaliation or discrimination does not need to state a *prima facie* case to survive a motion to dismiss so long as they plausibly allege facts that give rise to an inference of retaliation or discrimination. *See Boykin v. KeyCorp*, 521 F.3d 202, 212 (2d Cir. 2008). We likewise review *de novo* a district court's denial of leave to amend that is based on an interpretation of the law, such as futility. *See Panther Partners Inc. v. Ikanos Commcn's, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

First, we hold that the district court erred in concluding that Plaintiffs failed to plausibly allege a claim for retaliation under the FMLA. Specifically, the district court held that they provide insufficient evidence of a link between their FMLA leave and their termination. We hold that at the pleading stage the inconsistent explanations for their termination, together with the other allegations in the complaint, including as to the timing and sequence of events and purported hostility with respect to Plaintiffs' prior exercise of FMLA rights, are enough to support an inference of retaliation. Since "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff need only allege enough facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Starr v. Sony BMG Music*

*Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (internal quotation marks omitted). While it is noteworthy, as the district court noted, that the Plaintiffs previously applied for FMLA leave without any adverse consequences, that fact does not defeat the plausibility of Plaintiffs' claim. Accordingly, the district court erred in holding that Plaintiffs failed to plausibly state a claim for retaliation under the FMLA.

Second, we conclude that the district court erred in dismissing Plaintiffs' disability discrimination claim under NYCHRL. Not only is the NYCHRL claim based on the same facts as the retaliation claim, the NYCHRL also provides a broader cause of action than many federal discrimination laws. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,* 715 F.3d 102, 109 (2d Cir. 2013). For the reasons above, Plaintiffs met their burden of plausibly alleging that their termination was caused "at least in part by discriminatory or retaliatory motives." *Mihalik,* 715 F.3d at 113. The district court thus erred in dismissing Plaintiffs' disability discrimination claim under the NYCHRL at the pleading stage.

## CONCLUSION

Based on the foregoing, we hold that the district court erred in dismissing the Plaintiffs' claims. The judgment of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3